IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| CAPITOL EYE CARE, INC., et al, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No. 2:22-CV-04191-WJE |
| ) | |
| TEHUM CARE SERVICES, ) | |
| INC., et al, ) | |
| ) | |
| Defendants. ) | |

### DEFENDANT MISSOURI DEPARTMENT OF CORRECTIONS' MOTION TO DISMISS

Defendant Missouri Department of Corrections ("MDOC"), by and through undersigned counsel, pursuant to Fed. R. Civ. P. 12(b)(6), respectfully moves this Court to dismiss Plaintiff's Complaint against them. In support of this motion, MDOC states as follows:

1. Plaintiffs filed their Complaint in state court in Cole County on November 24, 2022. *See* Complaint.

2. Plaintiffs are a class of healthcare providers who contracted with Corizon Health, Inc to provide healthcare services to inmates in Missouri Department of Corrections facilities.

3. Defendants are Tehum Care Services, CHS TX, Inc., YesCare Corp. ("Corizon defendants"), and MDOC.

4. Plaintiffs allege, *inter alia*, that the Corizon defendants breached contractual agreements with Plaintiffs.

5. Plaintiffs bring one count of breach of contract against MDOC and allege they are equally liable for the Corizon defendants' breach under an agency theory.

6. Planitiffs bring one count quantum meruit against MDOC alleging that MDOC was unjustly enriched by the Plaintiffs' services and Plaintiffs were not paid the reasonable value for their services.

7. "[A] suit against a State or one of its agencies or departments brought in federal court is proscribed by the Eleventh Amendment." *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984).

8. "[The] test for determining whether a State has waived its immunity from federal-court jurisdiction is a stringent one." *College Sav. Bank v. Florida Prepaid Postsecondary Educ. Exp. Bd.*, 527 U.S. 666, 675 (1999). "[A] State does not consent to suit in federal court merely by consenting to suit in the courts of its own creation." *Id.* at 676.

9. The State of Missouri has not expressly consented to tort or contract claims being raised against them in Federal Court. *See Hoferek v. University of Missouri*, 604 F.Supp. 938, 940-41 (W.D. Mo. 1985).

10. Plaintiff's claims for quantum meruit and breach of contract against Defendant Missouri Department of Corrections must be dismissed because they are barred by the Eleventh Amendment.

11. On January 18, 2023, this Court granted Plaintiff's Motion for Extension of Time and Motion to Stay Proceedings pending this Court's ruling on Plaintiff's Motion to Remand.

12. "Sovereign immunity is a threshold jurisdictional matter, properly addressable at any time." *Lors v. Dean*, 746 F.3d 857, 861 (8th Cir. 2014). Accordingly, this issue should not be stayed, and MDOC respectfully moves this Court to address this issue promptly.

WHEREFORE, Defendant Missouri Department of Corrections respectfully request that the claims against them be dismissed for the reasons stated herein and in its accompanying Suggestions in Support, and for any other relief this Court deems just and proper.

Respectfully Submitted,

**ANDREW BAILEY**
Attorney General

*/s/ Austin Davis*
Austin Davis, MO74013
Assistant Attorney General
815 Olive Street, Suite 200
St. Louis, MO 63101
Phone: (314) 244-2106
Fax: 314-340-7029
Email: Austin.Davis@ago.mo.gov
*Attorney for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on the 23rd day of January 2023, the foregoing was filed electronically via the Court's electronic filing system and was served by operation of the CM-ECF system on all counsel of record.

*/s/ Austin Davis*

Assistant Attorney General