IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| CAPITOL EYE CARE, INC., ) <br> JEFFERSON CITY ORAL AND ) <br> MAXIOLLOFACIAL SURGERY LLC, ) <br> CMMP SURGICAL CENTER, LLC, and ) <br> MID MISSOURI ANESTHESIA ) <br> CONSULTANTS, P.C., ) <br> ) <br> Plaintiffs, ) <br> ) <br> vs. ) <br> ) <br> TEHUM CARE SERVICES, INC. ) <br> d/b/a Corizon Health, Inc., ) <br> CHS TX, INC., ) <br> YESCARE CORP., and ) <br> STATE OF MISSOURI ) <br> DEPARTMENT OF CORRECTIONS, ) <br> ) <br> Defendants. ) | Case No. 2:22-cv-04191-MDH |

**ORDER**

Plaintiffs filed the present matter in Missouri Circuit Court, Cole County in November 2022. Plaintiffs allege a variety of contract-based claims stemming from agreements related to the medical care of prisoners within the custody of the Missouri Department of Corrections. Defendant Tehum removed the action to this Court in December 2022. In February 2023, Defendant Tehum notified this Court that it filed for Chapter 11 bankruptcy with the United States Bankruptcy Court for the Southern District of Texas. Pursuant to 11 U.S.C. § 362(a), the newly-initiated bankruptcy proceeding automatically stayed other litigation against Defendant Tehum, including the present

1

matter.[1] On March 3, 2023, the Bankruptcy Court extended the automatic stay through May 18, 2023. The Bankruptcy Court's order indicate it anticipates conducting an evidentiary hearing May 17, 2023. The Bankruptcy Court's order lists Defendants CHS TX, Inc. and YesCare Corp. as non-debtor affiliates in this matter.

On February 21, 2023, this Court ordered Defendants CHS TX, Inc., YesCare Corp., and the State of Missouri Department of Corrections ("MODOC") to show cause as to why this case should not proceed on the claims against those specific defendants. In response, Defendants CHS TX, Inc. and YesCare Corp. argue generally that the Bankruptcy Court's Order to Extend and Enforce the Automatic Stay applies to Defendants CHS TX, Inc. and YesCare Corp. Defendant MODOC argues that the bankruptcy stay does not apply to MODOC. Plaintiffs oppose extending the stay beyond Defendant Tehum.

The Eighth Circuit has held that bankruptcy proceedings may sometimes stay cases against non-debtors in addition to debtors. Such situations typically arise when "there is such identity between the debtor and the third-party defendant that the debtor may be said to be the real party defendant and that a judgment against the third-party defendant will in effect be a judgment or finding against the debtor." *Ritchie Cap. Mgmt., L.L.C. v. Jeffries*, 653 F.3d 755, 762 (8th Cir. 2011).

Plaintiffs' allegations indicate Defendants CHS TX, Inc. and YesCare Corp. may fall into the exception contemplated by the Eighth Circuit. Plaintiffs' complaint alleges Defendants Tehum, CHS TX Inc., and YesCare Corp. share a single address as a principal place of business as well as

---

[1] The bankruptcy court's order refers to this matter using the original style and number assigned to this case in state court prior to removal. The bankruptcy court's order, however, plainly contemplates this matter, currently pending in this court.

many managers, including a single chief executive officer. Doc. 1-2 at ¶¶ 6-9. Plaintiffs allege Defendant Tehum placed assets into Defendant YesCare Corp. to prevent access by unsecured creditors. Doc. 1-2 at ¶ 61. Plaintiffs also allege Defendant YesCare Corp. wholly owns as a subsidiary Defendant CHS TX, Inc., which now houses Defendant Tehum's assets. Doc. 1-2 at ¶ 61d. As to Defendant MODOC, Plaintiffs allege Defendant Tehum was providing services on behalf of Defendant MODOC, thereby acting as an agent for Defendant MODOC. Defendant MODOC, Plaintiffs contend, remains liable to Plaintiffs under an agency theory of liability for Defendant Tehum's alleged breach of the contract at issue.

Though Plaintiffs contest applying the stay to defendants beyond Defendant Tehum, Plaintiffs' own allegations make clear that Plaintiffs believe all defendants are inseparable for purposes of this lawsuit. Further, the Bankruptcy Court for the Southern District of Texas has extended the automatic stay in this matter only until May 18, 2023. It is unlikely any party will suffer any prejudice by a brief delay pending further direction from the bankruptcy court. Accordingly, it is **ORDERED** this matter is stayed against all defendants through May 18, 2023. The parties are **FURTHER ORDERED** to provide this Court with a status report no later than May 22, 2023.

**IT IS SO ORDERED.**

Dated: March 28, 2023  /s/ Douglas Harpool
**DOUGLAS HARPOOL**
**United States District Judge**