| | |
|---|---|
| CAPITAL EYE CARE, INC., et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Case No. 2:22-cv-04191-MDH |
| | ) |
| TEHUM CARE SERVICES, INC. d/b/a | ) |
| CORIZON HEALTH, INC., et al., | ) |
| | ) |
| Defendants. | ) |

**TEHUM GUC LIQUIDATING TRUST'S**
**STATUS REPORT ON BANKRUPTCY PROCEEDINGS**

Tehum GUC Liquidating Trust (the "GUC Trust"), through undersigned counsel and on behalf of Matthew Dundon, trustee (the "Trustee") for the GUC Trust pursuant to the Plan, defined below, hereby provides this status report on behalf of Defendant Tehum Care Services, Inc. f/k/a Corizon Health, Inc. (the "Defendant") advising this Court on the status of the bankruptcy proceedings and the implications of the payment default, as follows:

**RELEVANT BACKGROUND**

1.      On February 13, 2023, Debtor filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code in the United States Bankruptcy Court for the Southern District of Texas, Houston Division (the "Bankruptcy Court") captioned *In re Tehum Care Services, Inc.*, Case No. 23-90086 (the "Chapter 11 Case").

2.      On March 3, 2025, the Bankruptcy Court entered its *Order Confirming the First Modified Joint Chapter 11 Plan of Reorganization of the Tort Claimants' Committee, Official Committee of Unsecured Creditors, and Debtor* (the "Confirmation Order"). A true and correct copy of the Confirmation Order is attached hereto as **Exhibit A**.

1

3.      The *First Modified Joint Chapter 11 Plan of Reorganization of the Tort Claimants'
Committee, Official Committee of Unsecured Creditors and Debtor* [Chapter 11 Case, Docket No.
2014, Exhibit B] (the "Plan")[1], which was incorporated into the Confirmation Order, provides that
the Plan's effective date (the "Effective Date") is "the later of the first Business Day on which (a)
no stay of the Confirmation Order is in effect and (b) all conditions precedent specified in Article
X.B have been satisfied or waived."  Confirmation Order, p. 68.

4.      Pursuant to the Confirmation Order, upon occurrence of "the Effective Date, the
Debtor shall irrevocably assign, transfer, convey and deliver … all of their rights, title, and interest
in and to all of the designated Trust Assets to the appropriate Trust." *Id.* at p. 48. Further, upon the
Effective Date, any claims against the Debtor are channeled to the appropriate trust. Plan, Article
IX.I.2 ("As of the Effective Date, … the sole recourse of any Holder of a Channeled GUC Trust
Claim that is eligible for compensation … shall be to and against the GUC Trust[.]").

5.      Further, the Trustee for the GUC Trust has authority to act for the Post-Effective
Date Debtor as to certain tasks and obligations, including, but not limited to, participating in
matters such as the above-captioned proceeding. *See* Plan, Article IV.F.1(e) (providing that the
Trustee is the successor in interest to Defendant and is the "sole representative of, and shall act
for, the Post-Effective Date Debtor.")

6.      On March 31, 2025, the confirmed Plan became effective. *See Notice of Entry of
(I) Confirmation Order, (II) Occurrence of Effective Date, (III) Administrative Claims Bar Date,
and (IV) Other Claims Deadlines* [Chapter 11 Case, Docket No. 2088].

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Plan.

**SETTLEMENT PARTIES' PAYMENT DEFAULT**

7.      Under the Confirmation Order, the Settlement Parties, in exchange for a release of all potential claims by and among the Settlement Parties, were to pay or cause to be paid the Settlement Payment in various installments to the PI/WD Trust (as defined in the Plan) and the GUC Trust (collectively, the "Trusts"). *See* Plan, Article IV.B.1. Further, if the Settlement Parties fail to pay the Settlement Payment as required, a Settlement Payment Default occurs and if not cured within the cure period, all Plan injunctions, stays, or releases provided in favor of the Released Parties, which includes, *inter alia*, the Debtor, that are in effect under the Plan shall be deemed terminated and void. *Id.* at 2.

8.      On January 26, 2026, the Trusts filed the first *Notice of Settlement Payment Default and Settlement Payment Default Cure Notice* [Chapter 11 Case, Docket No. 2591] (the "First Default Notice"), providing that the Settlement Parties had failed to make the Settlement Payments as required under the Plan.

9.      On February 2, 2026, the Trusts filed a *Notice of Cure Agreement* [Chapter 11 Case, Docket No. 2602], evidencing the agreement between the Trusts and the Settlement Parties in which the Settlement Parties agreed to cure the defaults in accordance with the timelines set forth therein (the "Cure Agreement").

10.     On February 25, 2026, after the Settlement Parties failed to cure the defaults in accordance with the Cure Agreement, the Trusts filed a *Notice of Settlement Payment Default and Settlement Payment Default Cure Notice* [Chapter 11 Case, Docket No. 2612] (the "Second Notice of Default"). The Settlement Parties failed to cure the default within the applicable time period.

11.     On March 4, 2026, the GUC Trust and the PI/WD Trust filed a *Notice of Failure to Cure Settlement Payment Default; Automatic Termination of Channeling Injunction; and Deadline*

*to Commence Causes of Action Against Released Parties* [Chapter 11 Case, Docket No. 2617] (the "Termination Notice"), providing notice that on March 5, 2026, all Plan injunctions, stays, or releases provided in favor of the Released Parties under the Plan were terminated and the channeling injunction and all other protections afforded to the Released Parties terminated automatically. As a result, claimants holding claims against the Released Parties must bring such claims by June 3, 2026.

**STATUS REPORT REGARDING CHANNELED AND ENJOINED CLAIMS**

12. Here, upon occurrence of the Effective Date, the liabilities of the Defendant, as the Debtor, as to general unsecured creditors such as Plaintiffs Capital Eye Care, Inc., Jefferson City Oral and Maxillofacial Surgery LLC, CMMP Surgical Center, LLC, and Mid Missouri Anesthesia Consultants, P.C. (collectively, "Plaintiffs") will be dealt with by the GUC Trust pursuant to the trust procedures, and Plaintiffs' claims against Defendant, as the Debtor, are enjoined and have been channeled under the Plan to the GUC Trust to be resolved pursuant to the trust procedures.

13. The occurrence of the Settlement Payment Default does not change this outcome. Although Defendant, as the Debtor, was included in the definition of Released Parties under the Plan, this inclusion does not invalidate or override the discharge granted to Defendant under 11 U.S.C. § 1141(d)(1)(A) as there was no provision in the Plan or Confirmation Order that explicitly modified or limited Defendant's discharge. 11 U.S.C. § 1141(d)(1)(A) ("Except as otherwise provided in this subsection, in the plan, or in the order confirming the plan, the confirmation of a plan—discharges the debtor from any debt ....").

14. Therefore, the stay of enforcement of claims against Defendant remains in place and is unaffected by the Settlement Payment Default. *See* 11 U.S.C. § 524(a)(2) ("A discharge … operates as an injunction against the commencement or continuation of an action … to collect,

recover or offset any such debt as a personal liability of the debtor."). As a result, claims against Defendant are discharged and actions to recover any such debt as a personal liability of Defendant continue to be stayed under the Bankruptcy Code.

WHEREFORE, the GUC Trust, on behalf of Defendant Tehum Care Services, Inc., f/k/a Corizon Health Inc., respectfully requests the Court continue the stay in the above matter as it pertains to Defendant for the reasons set forth above.

Dated: April 15, 2026.                                   Respectfully Submitted,


/s/ Nicholas J. Zluticky
Nicholas J. Zluticky (MO #61203)
**STINSON LLP**
1201 Walnut, Suite 2900
Kansas City, MO 64106
Telephone:     (816) 842-8600
Facsimile:     (816) 691-3495
Email: nicholas.zluticky@stinson.com


*Counsel for Tehum GUC Liquidating Trust*

5

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on April 15, 2026, the foregoing document and the attached exhibits were electronically filed with the court using the CM/ECF System, which sent notification to all parties of interest participating in the CM/ECF System.

/s/ Nicholas J. Zluticky
Counsel to the Tehum GUC Liquidating Trust

6